UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD C. ABSHIRE, III, Plaintiff | CIVIL ACTION NO. 1:18-CV-1636-P |
| VERSUS | JUDGE DEE D. DRELL |
| MAILROOM RAYMOND LABORDE CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (Docs. 1, 7), a Motion for Temporary Restraining Order (Doc. 16), and a Motion to Amend (Doc. 17), filed by pro se Plaintiff Clifford C. Abshire III ("Abshire") (#439164). Abshire is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). Abshire alleges that he was denied his First Amendment rights when a drawing from his fiancée's daughter was returned to sender.

Because he fails to state a constitutional violation, Abshire's Complaint (Docs. 1, 7) should be DENIED and DISMISSED WITH PREJUDICE. Moreover, because Abshire has not suffered a physical injury, he is not entitled to recover compensatory damages. Abshire's Motion for Temporary Restraining Order (Doc. 16) and Motion for Leave to File an Amended Complaint (Doc. 17) should be DENIED.

I. **Background**

Abshire alleges that his fiancée sent him two handwritten letters and a drawing by her 3-year-old daughter. (Doc. 1, p. 3; Doc. 7, p. 3). The envelopes and their contents were returned to Abshire's fiancée with a notation: "No Crayola." (Doc. 1-2, pp. 3-4). Abshire was not notified about the mail being received or returned to sender. (Doc. 1, p. 3; Doc. 7, p. 3). According to the response to Abshire's grievance, the envelope only contained a drawing with no correspondence, which Abshire contests. (Doc. 1-2, p. 1). Because staff reportedly discovered the envelope with "no correspondence, only what appeared to be a piece of paper with Crayola markings," the mail was returned under "Policy and Procedure 02-03-007, which states in part, 'material that could reasonably jeopardize legitimate penological interest including, but not limited to material which contains or concerns the transport of contraband may be rejected.'" (Doc. 1-2, pp. 1-2). Abshire maintains the envelopes contained correspondence in addition to the drawings, so he should have been notified per DOC and RLCC policy.

In his Motion for Temporary Restraining Order (Doc. 16), Abshire seeks an order "to ensure that the Regulations of the Louisiana Department of Public Safety and Corrections and the Local Policies of Raymond Laborde Correctional Center" are no longer implemented "with prejudice and bias." (Doc. 16-1, p. 1).

In his Motion to Amend (Doc. 17), Abshire asks that his fiancée be added to the suit as a Plaintiff.

2

II.   Law and Analysis

    A.    Abshire's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Abshire is a prisoner who has been allowed to proceed in forma pauperis. (Doc. 12). As a prisoner seeking redress from an officer or employee of a governmental entity, Abshire's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Abshire's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B.    Abshire cannot establish the violation of his First Amendment rights.

Inmates do not possess a right to the unrestricted freedom of receipt and transmission of mail. Adams v. Ellis, 197 F.2d 483, 485 (5th Cir. 1952). The DOC and RLCC have restrictions regarding the receipt of correspondence with drawings. According to the response to Abshire's grievance, "if any correspondence is received

3

with drawings then the correspondence is accepted and the drawing is rejected." (Doc. 1-2, p. 2). In this case, when the mail was inspected by staff, Abshire's envelope appeared to have only a drawing with no correspondence. (Doc. 1-2, p. 2). Therefore, the mail was rejected and returned to the sender. (Doc. 1-2, p. 2).

Abshire complains that, per prison policy, he should have been notified that his mail was rejected. (Doc. 1, p. 4). Even if Defendants failed to follow prison procedure, the Fifth Circuit has held that the mere failure of prison officials to follow a prison policy or rule does not amount to a constitutional violation. Richardson v. Thornton, 299 F. App'x 461, 462–63 (5th Cir. 2008) ("The failure of the prison to follow its own policies ... is not sufficient to make out a civil rights claim."); Jackson v Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (noting that failure to follow prison rules or regulations, alone, does not establish a constitutional violation); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (per curiam) (rejecting an inmate's claim that failure to follow an administrative rule violated his constitutional rights). Abshire cannot show that Defendants' failure to follow the mail policies of the DOC or RLCC led to him suffering a constitutional harm as a result of being deprived of a drawing by his fiancée's daughter. See Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988).

### C. Abshire's claim for compensatory damages is precluded by the Prison Litigation Reform Act.

Abshire's claim for compensatory damages (Doc. 7, p. 4) is barred by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(e). See Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir.1993). The PLRA provides that "[n]o Federal civil

4

action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This provision prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged. See Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam). Abshire has not alleged any physical injury, so his claim for compensatory damages is barred by § 1997e(e). See Geiger 404 F.3d at 375 (applying § 1997e(e) to bar prisoner's claim for damages brought under § 1983 alleging a First Amendment violation).

### D. Abshire's request for a temporary restraining order should be denied.

First, it is noted that Abshire attached to his pleadings numerous photos of drawings made by his fiancée's daughter. (Doc. 13-1, p. 1; Doc. 17-1, pp. 1-7). Therefore, Abshire has not been barred from contact with the child or his fiancée as he claims. Regardless, Abshire's request for a temporary restraining order ("TRO") fails.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In order for Abshire to obtain a preliminary injunction, he must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. See Women's Med. Ctr. v. Bell, 248 F.3d 411, 418–19 (5th Cir. 2001); Flores v. Jacobs, 442 F. App'x 164, 165 (5th Cir. 2011); Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria." Black Fire Fighters Ass'n, 905 F.2d at 65; see also Flores, 442 F. App'x at 165.

Abshire cannot meet the requirements for obtaining a TRO. Abshire complains that the DOC's policy prohibiting drawings that contain an unknown coloring substance should be interpreted in another way to allow him to receive drawings from his fiancée's three-year-old because she is disabled. (Doc. 1, p. 3). However, Abshire has not identified any substantial threat of irreparable injury that would necessitate a TRO. Additionally, preventing Defendants from enforcing the regulation would have an adverse effect on the public interest of keeping unknown substances out of

prisons. Thus, Abshire cannot show that he is entitled to a TRO. His motion (Doc. 16) should be DENIED.

### E. Abshire's fiancée should not be joined as a Plaintiff to this suit.

Abshire fails to state a constitutional claim, so his request to add his fiancée as a plaintiff (Doc. 17) should be DENIED.

### III. Conclusion

Because Abshire has not suffered a physical injury, his request for compensatory damages should be DENIED. Also, because Abshire fails to state a constitutional claim for which relief can be granted, his Complaint (Docs. 1, 7) should be DENIED and DISMISSED WITH PREJUDICE. Likewise, Abshire's Motion for Temporary Restraining Order (Doc. 16) and Motion for Leave to File an Amended Complaint (Doc. 17) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from

the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of March, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge